UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN KING,

    Plaintiff,

v.                                                       Case No. 2:07-cv-122
                                                       HON. ROBERT HOLMES BELL
CHARLES COOK, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Kevin King filed this prisoner 42 U.S.C. § 1983 action against defendants Charles Cook and Jeffrey Woods. On December 7, 2006, plaintiff alleges that he was transferred to the Kinross Correctional Facility and screened as a security level II prisoner. Plaintiff asserts that in retaliation for his grievance filings and protected conduct, he was raised to a security level III. Plaintiff alleges that he had previously filed a grievance on January 3, 2007, regarding his exposure to environmental tobacco smoke (ETS). On January 9, 2007, plaintiff received a notice of intent for allegedly violating the prison telephone policy. Plaintiff received a 60 day telephone restriction. Plaintiff asserts that his wife made complaints to several agencies. Plaintiff alleges that on January 9, 2007, the Michigan Department of Corrections Director ordered plaintiff's telephone restriction lifted. On January 19, 2007, plaintiff's security level was increased to level III. Plaintiff was told that he would be transferred because of his complaints. Plaintiff was transferred to the Chippewa Correctional Facility. Plaintiff asserts that his increase in security classification was solely a means to punish him for his protected conduct.

This court previously granted Defendants' motion for summary judgment on September 9, 2008. Plaintiff filed an appeal and the Sixth Circuit reversed and remanded the case, along with instructions that the court address whether Defendants are entitled to qualified immunity.

Presently before the Court is Defendants' second Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (docket #37). Plaintiff has filed a response (docket #41) and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir.

1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In their brief in support of the motion for summary judgment, Defendants assert that they are entitled to qualified immunity because (1) Plaintiff's constitutional rights were not violated, and (2) Defendants could not know that their actions, which were within the scope of their duties as prison officials, were violative of Plaintiff's First Amendment rights.

As noted above, Plaintiff claims that Defendants violated his right to be free from retaliation for engaging in protected conduct. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendants claim that Plaintiff has failed to meet the second and third prongs of the test set forth in *Thaddeus-X*. However, Defendants asserted this claim in their prior motion for summary judgment. In its March 5, 2010, order reversing the dismissal of this case, the Sixth Circuit specifically held that there was a genuine issue of material fact that Defendants retaliated against

Plaintiff for his use of the grievance system. Therefore, this issue has already been decided by the Sixth Circuit and need not be revisited in this report and recommendation.

Defendants also assert that their actions were within the scope of their duties as prison officials and that they could not have known that they were violating Plaintiff's First Amendment rights. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.*

The ambit of a prisoner's rights to free speech and to petition the state for redress of grievances must be measured with regard to the legitimate needs of the institution. *Noble v. Schmitt*,

87 F.3d 157, 162 (6th Cir. 1996) (citing *Wolfel v. Bates*, 707 F.2d 932, 933 (6th Cir. 1983)). Where there is a genuine issue of material fact as to whether the defendants' conduct was motivated by the desire to retaliate for the plaintiff's action in filing grievances, the defendants are not entitled to qualified immunity. *Id.* at 161. In this case, as noted by the Sixth Circuit, there is a genuine issue of material fact regarding whether Plaintiff's security reclassification and transfer were due to retaliation. Defendants should have known that such conduct was violative of Plaintiff's First Amendment rights. *King v. Zamiara*, 150 F. App'x 485, 494 (6th Cir. 2005). Therefore, the undersigned concludes that Defendants are not entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has sustained his burden of proof in response to Defendants' motion for summary judgment. Accordingly, it is recommended that Defendants' Motion for Summary Judgment (docket #38) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 31, 2011