UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


KEVIN KING,

          Plaintiff,

                                        File No. 2:07-CV-122

v.

                                        HON. ROBERT HOLMES BELL

CHARLES COOK, et al.,

          Defendants.

_____/

**ORDER APPROVING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AS MODIFIED**

On January 31, 2011, United States Magistrate Judge Timothy P. Greeley issued a

report and recommendation ("R&R") recommending that Defendants' motion for summary

judgment (Dkt. No. 38) be denied. (Dkt. No. 43, R&R.) Defendants filed objections to the

R&R on February 14, 2011. (Dkt. No. 45.) Plaintiff filed a response to Defendants'

objections on February 24, 2011. (Dkt. No. 46.)

This Court is required to make a *de novo* determination of those portions of the R&R

to which specific objection has been made, and may accept, reject, or modify any or all of

the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b).

Defendants have moved for summary judgment on the basis of qualified immunity,

asserting that the evidence on record does not establish a violation of a constitutional right.

The R&R recommends that Defendants' motion be denied because the Sixth Circuit has

already determined that there are questions of fact as to whether Defendants retaliated against

Plaintiff for his filing of grievances. Defendants object to the R&R based upon their

contention that the affidavits and exhibits attached to their motion establish that their initial

discussion regarding Plaintiff's reclassification to a different security level occurred before

any of Plaintiff's grievances had been filed. They further contend that because Plaintiff

failed to dispute this evidence, the evidence is uncontroverted that Plaintiff's reclassification

was not motivated by Plaintiff's grievances. They accordingly contend that they are entitled

to summary judgment based on qualified immunity.

The Court agrees with Defendants that the Sixth Circuit's previous ruling does not

preclude this Court from revisiting the issue of whether or not Plaintiff has come forward

sufficient evidence to create a triable constitutional retaliation claim. It is not appropriate to

deny Defendants' motion for summary judgment simply because the Sixth Circuit reversed

the previous entry of summary judgment on the retaliation claim, particularly where, as here,

Defendants have come forward with additional evidence. The denial of summary judgment

does not become the law of the case nor does it have any res judicata effect. *Kovacevich v.*

*Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000). "District courts may in their discretion

permit renewed or successive motions for summary judgment, particularly when the moving

party has expanded the factual record on which summary judgment is sought." *Id.*; *see also*

*Durfee v. Rich*, No. 02-10041, 2007 WL 1011066, at *9 (E.D. Mich. Mar. 30, 2007) (noting

that a renewed or successive summary judgment motion is appropriate especially if there is (1) an intervening change in controlling law; (2) new evidence or an expanded factual record; or (3) a need to correct a clear error or prevent manifest injustice).

The expanded evidence presented in support of Defendants' current motion for summary judgment points out more clearly that Defendant Cook expressed his concern about Plaintiff's placement at KCF to Defendant Woods before Plaintiff filed his first grievance at Kinross Correctional Facility. (Dkt. No. 39, Ex. B, Woods Aff. ¶ 7; Dkt. No. 39, Ex. E, Cook Aff. ¶ 5.) The expanded record also points out more clearly that the decision to change Plaintiff's security level was made by members of the Security Classification Committee ("SCC"), who were not aware of Plaintiff's grievance, and not by Defendant Cook. (Woods Aff. ¶¶ 17-18.) Plaintiff did not challenge or rebut this evidence in his response to Defendants' motion for summary judgment. Nevertheless, the Court finds that Defendants' expanded evidence is not sufficient to establish entitlement to qualified immunity as a matter of law on summary judgment. Although discussion of Plaintiff's security classification began before Plaintiff filed his January 4, 2007, grievance, Plaintiff was not reclassified until January 18, 2007, after he filed his grievance; Cook was aware of Plaintiff's grievance, and although Cook was not part of the Security Classification Committee that made the ultimate decision to increase Plaintiff's security level, Cook performed the security screen and recommended the security level increase. (Dkt. No. 39, Ex. H, 1/18/07 Security Classification Screen; Cook Aff. ¶ 4.) Furthermore, as noted by the Sixth Circuit, Plaintiff's

3

evidence of a temporal proximity between his protected conduct and the adverse action, together with the affidavit from an inmate who heard an officer tell Plaintiff that he was being transferred because of the grievances that he filed, when viewed in the light most favorable to Plaintiff, create a genuine issue of material fact sufficient to survive summary judgment. (Dkt. No. 32, *King v. Cook*, No. 08-2302, slip op. at 3-4 (6th Cir. Mar. 5, 2010).) Although Defendants' expanded evidence may make Defendants' arguments more plausible, in reviewing a motion for summary judgment the court may not weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The fact that Defendants' motion for summary judgment is based on a claim of qualified immunity does not affect the applicable standard of review. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009). Defendants' evidence does not negate Plaintiff's evidence in such a way as to defeat the existence of a material issue of fact for trial. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' objections to the R&R (Dkt. No. 45) are **SUSTAINED IN PART and OVERRULED IN PART**. To the extent Defendants object to the Magistrate Judge's failure to consider their expanded evidence in support of their motion for qualified immunity, their objections are sustained. To the extent Defendants object to the recommendation that their motion for summary judgment be denied, their objections are overruled.

**IT IS FURTHER ORDERED** the January 31, 2011, R&R of the Magistrate Judge (Dkt. No. 43), as **MODIFIED** by this order, is **APPROVED** and **ADOPTED** as the opinion

of the Court.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment on the basis of qualified immunity (Dkt. No. 38) is **DENIED**.


Date:    March 11, 2011           /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE