UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN KING,

        Plaintiff,

                                  File No.  2:07-CV-122

v.

                                HON. ROBERT HOLMES BELL

CHARLES COOK, et al.,

        Defendants.
                                                      /

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Plaintiff Kevin King's objection to the Magistrate Judge's July 13, 2011, order denying Plaintiff's motion to compel disclosure. (Dkt. No. 61, Mot. for Discl.; Dkt. No. 69, Order; Dkt. No. 70, Obj.)

A Magistrate Judge's resolution of a non-dispositive pretrial matter should be modified or set aside on review by the district court only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a).  The "clearly erroneous" standard applies only to the Magistrate Judge's findings of fact. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).  The Magistrate Judge's legal conclusions are reviewed under the "contrary to law" standard. *Id*.  "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Magistrate Judge denied Plaintiff's motion to compel disclosure of unredacted copies of Plaintiff's transfer orders based on Defendants' asserted security concern, and because Defendants provided the relevant information contained within the transfer orders. Plaintiff objects to this ruling because he contends that Defendants' asserted security claim is disingenuous as evidenced by the fact that Defendants previously disclosed complete transfer orders.

Contrary to Plaintiff's assertions, Defendants have routinely redacted SPON (Special Problem Offender Notice) information from transfer orders that have been filed with the Court. (*See* Dkt. No. 39, Ex. J; Dkt. No. 21, Ex. B(5).) The Magistrate Judge's finding that Defendants had legitimate security concerns is not clearly erroneous.

The Magistrate Judge denied Plaintiff's motion to compel disclosure of all misconduct reports issued against the 69 prisoners that were housed in his unit because Plaintiff had not established their relevance to his claim. In his objections, Plaintiff asserts that this information will show that other prisoners received security decreases after misconducts, while he received a security increase after not receiving a misconduct ticket in almost five years. The Magistrate Judge's determination that Plaintiff failed to show that the information is relevant to his retaliation claim is not clearly erroneous or contrary to law. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's order denying Plaintiff's motion to compel (Dkt. No. 69) is **AFFIRMED**.

Dated: February 21, 2012                    /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE